**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NOS. 5:17cr329; 5:18cv1529** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **SAMANTHA FOSTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This case is before the Court upon the Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). Doc #: 26. For the

following reasons, the Motion is summarily dismissed.

**I.      Background**

On September 11, 2017, Samantha Foster, pursuant to a written plea agreement, pled

guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in

violation of 21 U.S.C. §§ 846 and 841(a)(1); and two counts of possession of ammunition by an

addicted person, in violation of 18 U.S.C. § 922(g)(1). Doc #: 12, 13. On January 3, 2018,

Foster was sentenced to a prison term of 41 months. Doc #: 24. Foster did not challenge the

calculation of her sentence on direct appeal and now raises four grounds for post-conviction

relief.

**II.      Standard**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody

under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly examine the petition. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Samantha Foster is not entitled to relief in the district court for the following reasons.

### III. Analysis

All four of Foster's grounds for relief appear to stem from ineffective assistance of counsel claims. Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*). A review of counsel's performance must be highly deferential and requires the courts to "indulge a

strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

The *Strickland* standard applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the guilty plea context, the first *Strickland* element is the same. *Griffin*, 330 F.3d at 736-37 (citing *Hill*, 474 U.S. at 58-59). However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Griffin*, 330 F.3d at 737 (quoting *Hill*, 474 U.S. at 58-59).

In her first ground for relief, Foster argues that she was wrongfully given a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) but did not appeal or raise the issue because of advice of counsel. Mot. 5. She contends that this 2-level enhancement was inappropriate because the Government could not "prove beyond a reasonable doubt that [she] used, attempted to use or threatened to use physical force against someone or their property." The Court disagrees. First, Foster is not entitled to challenge the Court's application of the sentencing guidelines through a collateral proceeding under 28 U.S.C. § 2255 because the claim could have been raised on direct appeal.[1] *Lolakis v. United States*, 23 F.3d 407 (6th Cir. 1994). To the extent that her claim is rooted in an ineffective assistance of counsel claim, it still fails. U.S.S.G. § 2D1.1(b)(1) provides for a 2-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed[.]" The enhancement does not require the Government to show that Foster used

---

[1] Foster waived her right to appeal except if her punishment was in excess of the statutory maximum or the maximum sentence under the Sentencing Guidelines. Doc #: 13 at ¶ 20.

or threatened physical force for it to apply.  Further, Foster states in her Plea Agreement that she "admits that she possessed firearms and ammunition in connection with the drug trafficking offense and agrees that a 2-level enhancement is appropriate under U.S.S.G. § 2D1.1(b)(1) . . .." Doc #: 13 at ¶ 17.  Foster's admission to possessing firearms is sufficient for § 2D1.1(b)(1)'s enhancement to apply.  Thus, whether Foster used or threatened force is irrelevant to whether the 2-level enhancement applies and she cannot claim ineffective assistance of counsel on this ground.

In the second ground for relief, Foster contends that she did not possess the firearms charged in Counts 2 and 3 of the Indictment but was advised by counsel not to appeal or object to this issue.  Mot. 6.  She claims that she was in jail when the first gun was found in a hotel room and the second gun was not on her person when she was arrested.  *Id.*  This argument contradicts the admissions Foster made in her plea agreement.  Doc #: 13 at ¶ 22.  When asked by the Court during her plea hearing, Foster stated that she had fully reviewed the agreement and discussed it with her lawyer.  Trans. at 4.  The Court referred her to the factual basis portion of the agreement and asked her if it was true and accurate.  Trans. at 15.  Foster agreed that it was true and accurate.  *Id.*  The factual basis portion of the Plea Agreement details the dates that Foster possessed the firearms while addicted to a controlled substance.  Doc #: 13 at ¶ 22.  Foster also told the Court during her plea hearing that she was satisfied with her lawyer's representation.  Trans. at 4.  The law is clear that sworn representations such as those given by Foster at her plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Court concludes that Foster's oral sworn statements during her plea hearing undermine her arguments that she did not possess the firearms charged in Counts 2 and 3.

Thirdly, Foster argues that she was not a convicted felon at the time of her arrest on November 11, 2016 but was again advised by counsel to not appeal or object to this issue. Mot. 7-8. This argument has no merit because the Indictment charges Foster with possessing a firearm while addicted to methamphetamine in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The Indictment does not charge her with being a felon in possession of a firearm or ammunition on November 11, 2016. Whether Foster was a convicted felon at the time of her arrest is not an element of the underlying offense and is irrelevant. Thus, Foster is not entitled to relief on this ground.

Lastly, Foster argues that her lawyer was ineffective because he did not move to suppress the evidence found in her hotel room by the hotel's cleaning staff.[2] She does not explain what evidence was found in her hotel room and what made the search of her hotel room unlawful. The Court can find no evidence in the record, and Foster presents none, that would show that Foster had grounds to move to suppress the evidence found in the hotel room. Thus, she cannot show that her counsel was ineffective for failing to move to suppress this evidence.

Accordingly, because it plainly appears from the face of the motion and the record of prior proceedings that the moving party is not entitled to relief, the Court summarily **DISMISSES** the pending § 2255 Motion.

**IT IS SO ORDERED.**

*Dan Aaron Polster July 10, 2018*
**Dan Aaron Polster**
**United States District Judge**

---

[2] Foster also repeats her arguments about not having been convicted of a felony and the 2-level enhancement being inappropriate. The Court has already addressed these arguments above.